■ OGDEN R. REID, as Commissioner of Environmental Conservation of the State of New York, Respondent, v ALBERT M. KESSMAN et al., Appellants, et al., Defendant. (And a Third-Party Action.)—In an action, *inter alia,* to compel defendants to take certain action with respect to a refuse disposal area, in which action a judgment was entered, *inter alia,* directing defendants to compact and cover all refuse at the site, defendants Albert M. Kessman and Martin R. Kessman appeal (1) from an order of the Supreme Court, Putnam County, entered September 30, 1976, which, *inter alia,* granted plaintiff's motion to adjudge them to be in contempt of court for having willfully violated the provisions of the said judgment, and (2) as limited by their brief, from so much of a further order of the same court, entered November 16, 1976, as, upon granting their motion for reargument, adhered to the original determination. Appeal from the order entered September 30, 1976 dismissed as academic. That order was superseded by the order made upon reargument. Order entered November 16, 1976 affirmed insofar as appealed from, on the opinion of Mr. Justice Slifkin, dated September 10, 1976. Appellants' time to pay the fine is extended until 30 days after entry of the order to be made hereon and their time to compact and cover the refuse at the site is extended until 60 days after entry of the order to be made hereon. Plaintiff is awarded one bill of $50 costs and disbursements to cover both appeals. Hopkins, Acting P. J., Latham, Damiani and Rabin, JJ., concur.

■ ANGELO S. ROMANELLI, Appellant, v ASSOCIATED MARBLE INDUSTRY, INC., et al., Respondents.—In an action on a contract, plaintiff appeals from so much of a judgment of the Supreme Court, Nassau County, entered December 10, 1974, as is in favor of defendants, after a nonjury trial. Judgment affirmed insofar as appealed from, with costs. The agreement between the parties was ambiguous as to whether interest at the rate of 10% should be calculated only on the principal, or on the principal plus the previously accumulated interest. Parol evidence was properly admissible because of this ambiguity. The parol evidence was entirely consistent with the written agreement and supportive of that construction urged by the defendants. Martuscello, Acting P. J., Cohalan, Rabin and Mollen, JJ., concur.